11/09/2009  22:10          TELFORD UNIT #67                    PAGE .01

69,731-07

**RECEIVED IN**
COURT OF CRIMINAL APPEALS

AUG 26 2015

Abel Acosta, Clerk

**TO:** *Reg II Corev./ Renee*

**FAX:** ████████████████

**FROM:** *Telford Unit/ Inmate Records*

## TDCJ-CID
## BARRY TELFORD UNIT
## NEW BOSTON, TX

**PHONE:** ████████████████

**FAX:** ████████████████

**DATE:** 11/10/09

**PAGES:** 8
(Including cover)

2659

## Correctional Managed Care
## MD/MLP - SICK CALL EXAM

Patient Name: FINLEY, JAICOURRIE D  TDCJ#: 1354674  Date: 01/08/2010 14:33  Facility: CLEMENTS ECB (BC)
Age: 30 Years  Race: B  Sex: Male
Most recent vitals from 01/08/2010 NOT TAKEN DUE TO LACK OF STAFF.
Allergies: NO KNOWN ALLERGIES

Patient Language:  ENGLISH  Name of interpreter, if required:

SCR Received On: _____ (date)
Today's Problem:

S:  WANT RT EYE VISION CHECK

O:  HEENT- EYES- NO ACUTE CHAINGE
        NOSE- N
        THROAT- N
        EARS- N
    NECK- N

A:  WANT RT EYE VISION CHECK AFTER ALTERCATION

Plan is as follows:  VISION CHECK AND THEN CHART REVEW FOR SAME.

Electronically Signed by PATEL, DHIRAJLAL S M.D. on 01/08/2010.
##And No Others##

**Action Requested to resolve your Complaint.**

*I WOULD LIKE TO BE TRANSFERRED IMMEDIATELY. Thanks.*

Offender Signature: _____ Date: 22 SEP 08

**Grievance Response:**

You are currently pending transfer; however, approval must be received from the State Classification Committee before you will be transferred. No further action by this office is warranted.

Warden S. Rich

Signature Authority: _____ Date: OCT 1 0 2008

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

---

**Returned because:** *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance # _____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

UGI Signature: _____

I-127 Back (Revised 9-1-2007)

**OFFICE USE ONLY**

Initial Submission    UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

2nd Submission    UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3rd Submission    UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

Appendix F

2883

PREPARED BY: LIEUTENANT BOBBY BERGT
AUTHORIZED BY: WARDEN DAVID HUDSON

DATE: 03 / 23 / 2009

Sent to:     EAC/INC                     〈list〉                          (to)

(SEND ADDITIONAL INFORMА ON TO HQEAC01 INCLUDE INC ENT NUMBER AS SUBJECT)
PREPARED BY: LIEUTENANT BOBBY BERGT
AUTHORIZED BY: WARDEN DAVID HUDSON

Sent to:     EAC/INC                     〈list〉                          (to)

# ALLEGED SEXUAL ASSAULT

EAC. Incident No.    I-00899-01-08

Date/Time of Incident    1-15-08/unknown

Specific location of incident    8J-56 cell

Type of Incident that occurred    Alleged sexual assault by staff

## Victim(s) Information

| Name | TDCJ# | Race | Sex | Age | Custody |
|------|-------|------|-----|-----|---------|
| Finley, Jaicourrie | 1354674 | B | M | 28 | G-2 |
| | | | | | |

Injuries? Yes _____ No _x_    If yes, explain _____

Does victim(s) have a history of prior institutional sexual assaults?    Yes _x_ No _____

Did medical personnel treat victim? Yes _x_ No _____    If yes, date and time _____

Was a Sexual Assault Representative requested by victim?    no

## Assailant(s) Information

| Name | TDCJ# | Race | Sex | Age | Custody |
|------|-------|------|-----|-----|---------|
| Staff | | | | | |
| | | | | | |
| | | | | | |

Injuries? Yes _____ No _____    If yes, explain _____

Does assailant(s) have a history of prior institutional sexual assaults?    Yes _____ No _____

Was OIG investigator notified?    Yes _x_ No _____ If yes, name    Investigator F. Solis

IF OCCURRENCE WAS RECENT:

Was staff able to secure crime scene for processing by OIG?    Yes _____ No _x_

Were victim and suspect(s) housed together or in close proximity?    Yes _____ No _____

Has the victim or suspect(s) housing been changed?    Yes _____ No _____

Captain D. Lofton
Name of Person Reporting Incident

Lt. Y. Mccree
Name of Person Notified at EAC

4080

```
     FINLEY,JAICOURRIE DEWAYNE              DOB: 07/31/1979      P U L H E S
     /#: 01354674  SID#: 05601473           WGT: 202 LBS        -----------
   .T: SV          HOUSING: 5A3-07          HGT: 5'11"          |3|1|1|1|2|1|
   JB: UNASGN MENTAL HEALTH                                     |G|A|A|A|B|A|
                                                                |P| | | |P| |
                                                                -----------
```

.I. FACILITY ASSIGNMENT (CHECK ONE)
X  A. NO RESTRICTION
__ B. BARRIER-FREE FACILITY
__ C. SINGLE LEVEL FACILITY
   D. SUITABLE FOR TRUSTEE CAMP?   X YES__NO

II. HOUSING ASSIGNMENT
A. BASIC HOUSING (CHECK ONE)            B. BUNK ASSIGNMENT (CHECK ONE)
X  1. NO RESTRICTION                    __ 1. NO RESTRICTION
__ 2. SINGLE CELL ONLY                  00 2. LOWER ONLY
__ 3. SPECIAL HOUSING (HOUSING WITH
      LIKE MEDICAL CONDITION
__ 4. CELL BLOCK ONLY
C. ROW ASSIGNMENT (CHECK ONE)           D. WHEELCHAIR USE (CHECK ONE)
__ 1. NO RESTRICTION                    X  1. NO RESTRICTION
00 2. GROUND FLOOR ONLY                 __ 2. PHOP ORDERED
                                        __ 3. UTILITY USE

III.WORK ASSIGNMENT/RESTRICTIONS (CHECK ALL THAT APPLY)
__ 1. MEDICALLY UNASSIGNED        __ 15.NO FOOD SERVICE
__ 2. PSYCHIATRICALLY UNASSIGNED  __ 16.NO REPETITIVE USE OF HANDS
__ 3. SEDENTARY WORK ONLY         __ 17.NO WALK WET/UNEVEN SURFACES
__ 4. FOUR HOUR WORK RESTRICTION  __ 18.DO NOT ASSIGN TO MEDICAL
__ 6. EXCUSE FROM SCHOOL          00 19.NO WORK IN DIRECT SUNLIGHT
__ 7. LIMITED STANDING            __ 20.NO TEMPERATURE EXTREMES
__ 8. NO WALKING > __ YARDS       __ 21.NO HUMIDITY EXTREMES
__ 9. NO LIFTING > __ LBS.        __ 22.NO EXPOSURE TO ENVIRONMENT POLLUTANTS
__ 10.NO BENDING AT WAIST         __ 23.NO WORK WITH CHEMICALS OR IRRITANTS
__ 11.NO REPETITIVE SQUATTING     __ 24.NO WORK REQUIRING SAFETY BOOTS
00 12.NO CLIMBING                 00 25.NO WORK AROUND MACHINE WITH MOVING PART
__ 13.LIMITED SITTING             __ 26.NO WORK EXPOSURE TO LOUD NOISES
__ 14.NO REACHING OVER SHOULDER

IV. DISCIPLINARY PROCESS (CHECK ONE)
X  A. NO RESTRICTIONS
__ B. CONSULT REP OF MENTAL HEALTH DEPT BEFORE TAKING DISCIPLINARY ACTION
__ C. CONSULT REP OF MEDICAL DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION

V. INDIVIDUALIZED TREATMENT PLAN (CHECK ALL TTHAT APPLY)
X  A. NO RESTRICTION              __ C. MENTAL HEALTH REPRESENTATIVE REQUIRED
__ B. MEDICAL REPRESENTATIVE REQUIRED

VI. TRANSPORTATION RESTRICTIONS (CHECK ONE)
X  A. NO RESTRICTION              __ C. WHEELCHAIR VAN
__ B. EMS AMBULANCE               __ D. MULTI-PATIENT VEHICLE(MP)

BELCHER,S        MD       06/10/2009   _Ann Rich (Ann Rich Clerk II_
PRINTED NAME AND TITLE OF REVIEWER   DATE      SIGNATURE OF REVIEWER

34

NAME: FINLEY,JAICOURRIE DEWAYNE          DOB: 07/31/1979          P U L H E S
TDCJ#: 01354674  SID#: 05601473          WGT: 201 LBS          ------------------
UNIT: SV          HOUSING: 5D1-09B          HGT: 5'11"          |3|1|1|1|2|1|
JOB: UNASGN MENTAL HEALTH                                       |G|A|A|A|B|A|
                                                                |P| | | |P| |
                                                                ------------------

I.   FACILITY ASSIGNMENT (CHECK ONE)
X   A. NO RESTRICTION
___ B. BARRIER-FREE FACILITY
___ C. SINGLE LEVEL FACILITY
    D. SUITABLE FOR TRUSTEE CAMP?    X YES___NO

II. HOUSING ASSIGNMENT
A. BASIC HOUSING (CHECK ONE)              B. BUNK ASSIGNMENT (CHECK ONE)
X   1. NO RESTRICTION                     ___ 1. NO RESTRICTION
___ 2. SINGLE CELL ONLY                    00 2. LOWER ONLY
___ 3. SPECIAL HOUSING (HOUSING WITH
       LIKE MEDICAL CONDITION
___ 4. CELL BLOCK ONLY
C. ROW ASSIGNMENT (CHECK ONE)             D. WHEELCHAIR USE (CHECK ONE)
___ 1. NO RESTRICTION                     ___ 1. NO RESTRICTION
 00 2. GROUND FLOOR ONLY                   ___ 2. PHOP ORDERED
                                           ___ 3. UTILITY USE

III.WORK ASSIGNMENT/RESTRICTIONS (CHECK ALL THAT APPLY)
___ 1. MEDICALLY UNASSIGNED               ___ 15.NO FOOD SERVICE
___ 2. PSYCHIATRICALLY UNASSIGNED         ___ 16.NO REPETITIVE USE OF HANDS
___ 3. SEDENTARY WORK ONLY                ___ 17.NO WALK WET/UNEVEN SURFACES
___ 4. FOUR HOUR WORK RESTRICTION         ___ 18.DO NOT ASSIGN TO MEDICAL
___ 6. EXCUSE FROM SCHOOL                  00 19.NO WORK IN DIRECT SUNLIGHT
___ 7. LIMITED STANDING                   ___ 20.NO TEMPERATURE EXTREMES
___ 8. NO WALKING ) ___ YARDS             ___ 21.NO HUMIDITY EXTREMES
___ 9. NO LIFTING ) ___ LBS.              ___ 22.NO EXPOSURE TO ENVIRONMENT POLLUTANTS
___ 10.NO BENDING AT WAIST                ___ 23.NO WORK WITH CHEMICALS OR IRRITANTS
___ 11.NO REPETITIVE SQUATTING            ___ 24.NO WORK REQUIRING SAFETY BOOTS
 00 12.NO CLIMBING                         00 25.NO WORK AROUND MACHINE WITH MOVING PART
___ 13.LIMITED SITTING                    ___ 26.NO WORK EXPOSURE TO LOUD NOISES
___ 14.NO REACHING OVER SHOULDER

IV. DISCIPLINARY PROCESS (CHECK ONE)
X   A. NO RESTRICTIONS
___ B. CONSULT REP OF MENTAL HEALTH DEPT BEFORE TAKING DISCIPLINARY ACTION
___ C. CONSULT REP OF MEDICAL DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION

V.  INDIVIDUALIZED TREATMENT PLAN (CHECK ALL TTHAT APPLY)
X   A. NO RESTRICTION                 ___ C. MENTAL HEALTH REPRESENTATIVE REQUIRED
___ B. MEDICAL REPRESENTATIVE REQUIRED

VI. TRANSPORTATION RESTRICTIONS (CHECK ONE)
X   A. NO RESTRICTION                 ___ C. WHEELCHAIR VAN
___ B. EMS AMBULANCE                  ___ D. MULTI-PATIENT VEHICLE(MPV)

STANLEY          MD          12/22/2008          _Ohtti Iley_
                                                 SIGNATURE OF REVIEWER

35

TEXAS DEPARTMENT OF CRIMINAL JUSTICE         12:51:16
                      HEALTH SUMMARY FOR CLASSIFICATION          12/22/2008

    NAME: FINLEY,JAICOURRIE DEWAYNE          DOB: 07/31/1979      P U L H E S
    TDCJ#: 01354674  SID#: 05601473          WGT: 201 LBS         -------------
    UNIT: TO         HOUSING: 7I31-50B       HGT: 5'11"           |3|1|1|1|2|1|
    JOB: CLOTHING EXCHANGER 1ST                                   |G|A|A|A|B|A|
                                                                  |P| | |P| |
                                                                  -------------

I.  FACILITY ASSIGNMENT (CHECK ONE)
X   A. NO RESTRICTION
__  B. BARRIER-FREE FACILITY
__  C. SINGLE LEVEL FACILITY
    D. SUITABLE FOR TRUSTEE CAMP?   X YES__NO


II. HOUSING ASSIGNMENT
A. BASIC HOUSING (CHECK ONE)              B. BUNK ASSIGNMENT (CHECK ONE)
X   1. NO RESTRICTION                     __  1. NO RESTRICTION
__  2. SINGLE CELL ONLY                   00  2. LOWER ONLY
__  3. SPECIAL HOUSING (HOUSING WITH
        LIKE MEDICAL CONDITION
__  4. CELL BLOCK ONLY
C. ROW ASSIGNMENT (CHECK ONE)             D. WHEELCHAIR USE (CHECK ONE)
__  1. NO RESTRICTION                     __  1. NO RESTRICTION
00  2. GROUND FLOOR ONLY                  __  2. PHOP ORDERED
                                          __  3. UTILITY USE


III.WORK ASSIGNMENT/RESTRICTIONS (CHECK ALL THAT APPLY)
__  1. MEDICALLY UNASSIGNED           __ 15.NO FOOD SERVICE
__  2. PSYCHIATRICALLY UNASSIGNED     __ 16.NO REPETITIVE USE OF HANDS
__  3. SEDENTARY WORK ONLY            __ 17.NO WALK WET/UNEVEN SURFACES
__  4. FOUR HOUR WORK RESTRICTION     __ 18.DO NOT ASSIGN TO MEDICAL
__  6. EXCUSE FROM SCHOOL             00 19.NO WORK IN DIRECT SUNLIGHT
__  7. LIMITED STANDING               __ 20.NO TEMPERATURE EXTREMES
__  8. NO WALKING > ___ YARDS         __ 21.NO HUMIDITY EXTREMES
__  9. NO LIFTING > ___ LBS.          __ 22.NO EXPOSURE TO ENVIRONMENT POLLUTANTS
__ 10.NO BENDING AT WAIST             __ 23.NO WORK WITH CHEMICALS OR IRRITANTS
__ 11.NO REPETITIVE SQUATTING         __ 24.NO WORK REQUIRING SAFETY BOOTS
00 12.NO CLIMBING                     00 25.NO WORK AROUND MACHINE WITH MOVING PART
__ 13.LIMITED SITTING                 __ 26.NO WORK EXPOSURE TO LOUD NOISES
__ 14.NO REACHING OVER SHOULDER


IV. DISCIPLINARY PROCESS (CHECK ONE)
X   A. NO RESTRICTIONS
__  B. CONSULT REP OF MENTAL HEALTH DEPT BEFORE TAKING DISCIPLINARY ACTION
__  C. CONSULT REP OF MEDICAL DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION

V.  INDIVIDUALIZED TREATMENT PLAN (CHECK ALL THAT APPLY)
X   A. NO RESTRICTION              __ C. MENTAL HEALTH REPRESENTATIVE REQUIRED
__  B. MEDICAL REPRESENTATIVE REQUIRED

VI. TRANSPORTATION RESTRICTIONS (CHECK ONE)
X   A. NO RESTRICTION              __ C. WHEELCHAIR VAN
__  B. EMS AMBULANCE

STANLEY          MD          12/22/2008
PRINTED NAME AND TITLE OF REVIEWER     DATE        SIGNATURE OF REVIEWER

NAME: FINLEY,JAICOURRIE DEWAYNE        DOB: 07/31/1979        P U L H E S
TDCJ#: 01354674   SID#: 05601473       WGT: 205 LBS          ---------------
UNIT: TO          HOUSING:             HGT: 5'11"            |1|1|1|1|2|1|
JOB:                                                         |A|A|A|A|B|A|
                                                             | | | | |P| |
                                                            ---------------

                            LB/LR

I.  FACILITY ASSIGNMENT (CHECK ONE)
X   A. NO RESTRICTION
__  B. BARRIER-FREE FACILITY
__  C. SINGLE LEVEL FACILITY
    D. SUITABLE FOR TRUSTEE CAMP?   X YES__NO


II. HOUSING ASSIGNMENT
A. BASIC HOUSING (CHECK ONE)              B. BUNK ASSIGNMENT (CHECK ONE)
X   1. NO RESTRICTION                        1. NO RESTRICTION
__  2. SINGLE CELL ONLY                   00 2. LOWER ONLY
__  3. SPECIAL HOUSING (HOUSING WITH
       LIKE MEDICAL CONDITION
__  4. CELL BLOCK ONLY
C. ROW ASSIGNMENT (CHECK ONE)             D. WHEELCHAIR USE (CHECK ONE)
    1. NO RESTRICTION                      __ 1. NO RESTRICTION
00  2. GROUND FLOOR ONLY                   __ 2. PHOP ORDERED
                                           __ 3. UTILITY USE


III.WORK ASSIGNMENT/RESTRICTIONS (CHECK ALL THAT APPLY)
__  1. MEDICALLY UNASSIGNED          __ 15.NO FOOD SERVICE
__  2. PSYCHIATRICALLY UNASSIGNED    __ 16.NO REPETITIVE USE OF HANDS
__  3. SEDENTARY WORK ONLY           __ 17.NO WALK WET/UNEVEN SURFACES
__  4. FOUR HOUR WORK RESTRICTION    __ 18.DO NOT ASSIGN TO MEDICAL
__  6. EXCUSE FROM SCHOOL            00 19.NO WORK IN DIRECT SUNLIGHT
__  7. LIMITED STANDING              __ 20.NO TEMPERATURE EXTREMES
__  8. NO WALKING ) ____ YARDS       __ 21.NO HUMIDITY EXTREMES
__  9. NO LIFTING ) ____ LBS.        __ 22.NO EXPOSURE TO ENVIRONMENT POLLUTANTS
__ 10.NO BENDING AT WAIST            __ 23.NO WORK WITH CHEMICALS OR IRRITANTS
__ 11.NO REPETITIVE SQUATTING        00 24.NO WORK REQUIRING SAFETY BOOTS
00 12.NO CLIMBING                    00 25.NO WORK AROUND MACHINE WITH MOVING PART
__ 13.LIMITED SITTING                __ 26.NO WORK EXPOSURE TO LOUD NOISES
__ 14.NO REACHING OVER SHOULDER


IV. DISCIPLINARY PROCESS (CHECK ONE)
X   A. NO RESTRICTIONS
__  B. CONSULT REP OF MENTAL HEALTH DEPT BEFORE TAKING DISCIPLINARY ACTION
__  C. CONSULT REP OF MEDICAL DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION

V.  INDIVIDUALIZED TREATMENT PLAN (CHECK ALL TTHAT APPLY)
X   A. NO RESTRICTION              __ C. MENTAL HEALTH REPRESENTATIVE REQUIRED
__  B. MEDICAL REPRESENTATIVE REQUIRED

VI. TRANSPORTATION RESTRICTIONS (CHECK ONE)
X   A. NO RESTRICTION              __ C. WHEELCHAIR VAN
__  B. EMS AMBULANCE

REYES              MD         10/23/2008  _____
PRINTED NAME AND TITLE OF REVIEWER    DATE    SIGNATURE OF REVIEWER

                                                                        37

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JAICOURRIE DeWAYNE FINLEY,        §
                                  §
        Petitioner,               §
                                  §
v.                                §        2:10-CV-0166
                                  §
RICK THALER, Director,            §
Texas Department of Criminal Justice,  §
Correctional Institutions Division,    §
                                  §
        Respondent.               §


## REPORT AND RECOMMENDATION TO
## DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a form Petition for a Writ of Habeas Corpus by a Person

in State Custody indicating he is challenging a prison disciplinary proceeding that took place at the

Clements Unit in Potter County, Texas. Petitioner contends he lost 150 days of previously earned

good-time credits as a result of this prison disciplinary proceeding and is eligible for mandatory

supervised release.[1] Petitioner was incarcerated at the Clements Unit at the time he filed this habeas

petition and remains incarcerated at the Clements Unit. On August 11, 2010, respondent filed a

Motion to Dismiss petitioner's habeas application for failure to state a claim upon which relief may

be granted. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge

is of the opinion respondent's Motion to Dismiss should be GRANTED and petitioner's application

---

[1] Petitioner is presently incarcerated pursuant to a 2004 conviction for harassment by a person in a correctional facility out of Washington County, Texas and a 2006 conviction for theft greater than $20,000 but less than $100,000 out of Harris County, Texas. *Respondent's Motion to Dismiss with Brief in Support,* Exhibit A. Petitioner's offense history is confirmed by the online Offender Information Detail database maintained by the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).

HAB54\DISCIP\R&R\FINLEY-166.DIS-RESPMTN:2

for federal habeas corpus relief should be DISMISSED.

I.
PROCEDURAL BACKGROUND

Petitioner represents he was found guilty, on March 4, 2010, of the disciplinary violation of "bearing false witness" in case number 20100304FAUL. Petitioner contends his Step 1 grievance was denied March 17, 2010, and his Step 2 grievance was denied April 1, 2010. Petitioner has not replied to respondent's motion to dismiss.

II.
NO ACTUAL DISCIPLINARY CASE EXISTS

An actual controversy must exist at all stages of litigation in order for a case to be brought in federal court. *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979). If a petitioner does not challenge an actual disciplinary proceeding, the interests habeas corpus was created to serve are not implicated. *See Wolff v. McDonnell*, 148 U.S. 539, 558, 94 S.Ct. 2963, 2976, 41 L.Ed.2d 935 (1974). Beyond the question of the existence of an actual case or controversy, however, there is a concern a petitioner may be abusing the writ of habeas corpus by intentionally misrepresenting material facts to a federal court in a habeas corpus petition. Even though *pro se* petitioners are afforded wide latitude, a court need not tolerate abuse of the litigation process by a *pro se* petitioner. Basing habeas corpus pleadings upon falsities constitutes such an abuse. *See McCleskey v. Zant*, 499 U.S. 467, 496, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991) (establishing federal habeas corpus courts need not tolerate clearly abusive habeas corpus petitions); *Rose v. Lundy*, 455 U.S. 509, 521 n. 13, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982) ("Nothing in the traditions of habeas corpus requires the federal courts to . . . entertain collateral proceedings whose only purpose is to vex, harass, or delay.").

In this case, it appears petitioner has invented the prison disciplinary case upon which his habeas corpus petition is based. First, "bearing false witness" is not an offense for which a disciplinary case can be written under TDCJ-CID policy. *See Disciplinary Rules and Procedures for Offenders*, published by the Texas Department of Criminal Justice, § XIV, "TDCJ Disciplinary Offenses," pgs. 23-33 (revised Jan. 2005). Second, as respondent verifies in his Motion to Dismiss, TDCJ-CID uses a purely numerical system to identify offender disciplinary actions. The number petitioner provided, 20100304FAUL, is not a valid TDCJ-CID disciplinary case number. (*Respondent's Motion to Dismiss with Brief in Support*, Exhibit B). Respondent additionally indicates "[t]he numbers listed above are not close to any of the offender disciplinaries shown on the records of Finley, Jaicourrie Dewayne." (*Id.*).

By basing this habeas corpus petition upon what appears to be a fabricated prison disciplinary action, petitioner has wasted valuable resources of both the federal judiciary and the Attorney General of Texas. Because an actual case or controversy does not appear to exist, this case should be DISMISSED. *See Cook*, 592 F.2d at 249. Additionally, petitioner should be cautioned that any future habeas corpus petition not based on an actual disciplinary case will not be tolerated. *See McCleskey*, 499 U.S. at 496, 111 S.Ct. at 1474. Should petitioner continue to file meritless petitions, the Court may impose sanctions upon him which would require him to pay a monetary fee before the Court will consider any habeas corpus petition from him, or which could bar him from filing in federal court in the future.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Dismiss filed by respondent be GRANTED and the Petition for a Writ

of Habeas Corpus by a Person in State Custody filed by petitioner JAICOURRIE DEWAYNE FINLEY be DISMISSED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 4th day of October, 2010.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2010 OCT 22 AM 9: 57

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURO
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JAICOURRIE DEWAYNE FINLEY, §
§
Petitioner, §
§
§
v. § 2:10-CV-0113
§
§
RICK THALER, §
Director, Texas Dep't of Criminal Justice, §
Correctional Institutions Division, §
§
§
Respondent. §

## ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS, and DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a petition for a writ of habeas corpus purportedly challenging at least one prison disciplinary case. On September 30, 2010, the United States Magistrate Judge issued a Report and Recommendation in this cause, recommending therein the petition for a writ of habeas corpus be dismissed as petitioner failed to challenge any actual prison disciplinary proceeding. As of this date, petitioner has not filed objections to the Report and Recommendation.

The undersigned United States District Judge has made an independent examination of the record in this case. The Magistrate Judge's Report and Recommendation is hereby ADOPTED. Accordingly, the Motion to Dismiss filed by respondent is GRANTED, and the petition for a writ of habeas corpus filed by petitioner is DISMISSED.

IT IS SO ORDERED.

ENTERED this _____22nd_____ day of _____October_____ 2010.


_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT 2010 OCT 22 AM 9: 57
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAICOURRIE DEWAYNE FINLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0113 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## JUDGMENT

Of equal date herewith, the undersigned United States District Judge has entered an Order

adopting the Report and Recommendation issued by the United States Magistrate Judge, granting

respondent's Motion to Dismiss, and dismissing petitioner's application for a federal writ of habeas

corpus.

JUDGMENT IS ENTERED ACCORDINGLY.

ENTERED this _____ day of _____ 2010.


MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JAICOURRIE DEWAYNE FINLEY, §
§
Petitioner, §
§
v. § 2:10-CV-0113
§
RICK THALER, §
Director, Texas Dep't of Criminal Justice, §
Correctional Institutions Division, §
§
Respondent. §

## ORDER DENYING ISSUANCE
## OF A CERTIFICATE OF APPEALABILITY

Having considered the record in this case, the undersigned is of the opinion petitioner has not

made a prima facie showing for issuance of a certificate of appealability under 28 U.S.C. section

2253(c)(1). Consequently, for this reason and the reasons stated in the Report and Recommendation

and the Order adopting the Report and Recommendation, granting respondent's Motion to Dismiss,

and dismissing the petition, a Certificate of Appealability is hereby *denied*.

IT IS SO ORDERED.

ENTERED this _____ day of _____ 2010.


_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| JAICOURRIE DeWAYNE FINLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0168 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a form Petition for a Writ of Habeas Corpus by a Person in State Custody indicating he is challenging a prison disciplinary proceeding that took place at the Clements Unit in Potter County, Texas. Petitioner contends he lost 120 days of previously earned good-time credits as a result of this prison disciplinary proceeding and is eligible for mandatory supervised release.[1] Petitioner was incarcerated at the Clements Unit at the time he filed this habeas petition and remains incarcerated at the Clements Unit. On August 11, 2010, respondent filed a Motion to Dismiss petitioner's habeas application for failure to state a claim upon which relief may be granted. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge is of the opinion respondent's Motion to Dismiss should be GRANTED and petitioner's application

---

[1] Petitioner is presently incarcerated pursuant to a 2004 conviction for harassment by a person in a correctional facility out of Washington County, Texas and a 2006 conviction for theft greater than $20,000 but less than $100,000 out of Harris County, Texas. *Respondent's Motion to Dismiss with Brief in Support,* Exhibit A. Petitioner's offense history is confirmed by the online Offender Information Detail database maintained by the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).

HAB54\DISCIP\R&R\FINLEY-168.DIS-RESPMTN:2

for federal habeas corpus relief should be DISMISSED.

## I.
## PROCEDURAL BACKGROUND

Petitioner represents he was found guilty, on February 18, 2010, of the disciplinary violation of "activating [the] First Amendment" in case number 20090218WALT. Petitioner contends his Step 1 grievance was denied February 26, 2010, and his Step 2 grievance was denied March 19, 2010. Petitioner has not replied to respondent's motion to dismiss.

## II.
## NO ACTUAL DISCIPLINARY CASE EXISTS

An actual controversy must exist at all stages of litigation in order for a case to be brought in federal court. *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979). If a petitioner does not challenge an actual disciplinary proceeding, the interests habeas corpus was created to serve are not implicated. *See Wolff v. McDonnell*, 148 U.S. 539, 558, 94 S.Ct. 2963, 2976, 41 L.Ed.2d 935 (1974). Beyond the question of the existence of an actual case or controversy, however, there is a concern a petitioner may be abusing the writ of habeas corpus by intentionally misrepresenting material facts to a federal court in a habeas corpus petition. Even though *pro se* petitioners are afforded wide latitude, a court need not tolerate abuse of the litigation process by a *pro se* petitioner. Basing habeas corpus pleadings upon falsities constitutes such an abuse. *See McCleskey v. Zant*, 499 U.S. 467, 496, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991) (establishing federal habeas corpus courts need not tolerate clearly abusive habeas corpus petitions); *Rose v. Lundy*, 455 U.S. 509, 521 n. 13, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982) ("Nothing in the traditions of habeas corpus requires the federal courts to . . . entertain collateral proceedings whose only purpose is to vex, harass, or delay.").

In this case, it appears petitioner has invented the prison disciplinary case upon which his habeas corpus petition is based. First, "activating [the] First Amendment" is not an offense for which a disciplinary case can be written under TDCJ-CID policy. *See Disciplinary Rules and Procedures for Offenders*, published by the Texas Department of Criminal Justice, § XIV, "TDCJ Disciplinary Offenses," pgs. 23-33 (revised Jan. 2005). Second, as respondent verifies in his Motion to Dismiss, TDCJ-CID uses a purely numerical system to identify offender disciplinary actions. The number petitioner provided, 20090218WALT, is not a valid TDCJ-CID disciplinary case number. (*Respondent's Motion to Dismiss with Brief in Support*, Exhibit B). Respondent additionally indicates "[t]he numbers listed above are not close to any of the offender disciplinaries shown on the records of Finley, Jaicourrie Dewayne." (*Id.*).

By basing this habeas corpus petition upon what appears to be a fabricated prison disciplinary action, petitioner has wasted valuable resources of both the federal judiciary and the Attorney General of Texas. Because an actual case or controversy does not appear to exist, this case should be DISMISSED. *See Cook*, 592 F.2d at 249. Additionally, petitioner should be cautioned that any future habeas corpus petition not based on an actual disciplinary case will not be tolerated. *See McCleskey*, 499 U.S. at 496, 111 S.Ct. at 1474. Should petitioner continue to file meritless petitions, the Court may impose sanctions upon him which would require him to pay a monetary fee before the Court will consider any habeas corpus petition from him, or which could bar him from filing in federal court in the future.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Dismiss filed by respondent be GRANTED and the Petition for a Writ

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2012 APR -2 AM 10: 31

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAICOURRIE FINLEY, PRO SE,<br>also known as<br>JAICOURRIE DEWAYNE FINLEY,<br>also known as<br>MATTHEW MacCALLISTER,<br>TDCJ-CID No. 1354674,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE ZELLER, Regional Staffer, TDCJ,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:11-CV-0055 |

## ORDER DENYING MOTION FOR STAY AND APPOINTMENT OF COUNSEL

Before the Court is plaintiff's March 29, 2012 Motion for Stay and Appointment of Counsel filed in the above-referenced and numbered cause. By this motion, plaintiff states that, as a defendant in a state court proceeding, he was found incompetent to stand trial. The Court notes that, in a nearly identical motion filed in cause no. 2:10-CV-0262 at docket no. 20, plaintiff gives the date of that determination as March 10, 2010.

On this basis, plaintiff requests a stay of all proceedings except an order to answer until he is competent. Plaintiff also requests appointment of counsel.

The Court notes an evidentiary hearing was conducted in Cause No. 2:10-CV-0227 on December 16, 2010 to consider an earlier motion for appointment of counsel. A *Spears*[1] hearing was also conducted then. Plaintiff motion for appointment of counsel was subsequently denied by separate order. Plaintiff does not indicate anything has changed since that time.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Texas Department of Criminal Justice online records indicate plaintiff has been serving a 16-year sentence for a theft conviction out of Harris County since August 2, 2006. Plaintiff does not identify the cause number of the alleged state court proceeding in which he was determined to be incompetent nor does he identify the court in which it was pending, the nature of the case, or whether any resolution to the case was subsequently reached. Further, plaintiff does not explain what the basis was for the state court's ruling or whether he has since received psychological or psychiatric treatment.

Plaintiff initiated the instant case on March 18, 2011, more than a year after the alleged finding of incompetency. Plaintiff offers no explanation why he did not inform the Court of this circumstance sooner.

Critically, plaintiff does not identify when, if ever, he expects to be found competent or resume prosecution of this case.

For all the reasons set forth above, plaintiff's motion for appointment of counsel and his motion for stay are DENIED.

It is SO ORDERED.

Signed this the _____ day of April, 2012.

CLINTON E. AVERITTE
United States Magistrate Judge

2